UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| FRANK GODFREY, et al | ) | No. CV-06-332-JLQ |
| Plaintiffs, | ) | MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |
| vs. | ) | |
| CHELAN COUNTY P.U.D., | ) | |
| Defendant. | ) | |

Before the court is the Motion To Dismiss (C.R. 40) of the Defendant seeking dismissal of the Plaintiffs' breach of contract claim based upon Letter of Understanding NO. 55. The Defendant also seeks dismissal of the Plaintiffs' state of Washington Wage Act claims pursuant to Title 49 of the Revised Code of Washington. The Defendant does not challenge this court's jurisdiction over the Plaintiffs' federal Fair Labor Standards Act claim.

The Motion To Dismiss was originally heard on June 12, 2007. Matthew John Zuchetto appeared for the Plaintiffs and Leslie R. Weatherhead and Geanna Van Dessel appeared for the Defendant. Following argument of this matter, the court, on June 28, 2007, entered its Order To File Supplementary Briefs (C.R. 83), addressing the recent Ninth Circuit case of *Burnside v. Kiewit Pacific Crop.*,___F. 3d___, 2007 WL 1760747 (June 20, 2007). Thereafter, this matter was again heard, along with the Motion For Class Certification, on July 20, 2007. The Plaintiffs were represented by Mr. Zuchetto and Toby J. Marshal and Darrell W. Scott. The Defendant was represented by Mr. Weatherhead, Ms. Van Dessel and Erik K. Wahlquist.

For the reasons stated by the court on June 12, 2007, the Plaintiffs' Motion To Strike (C.R. 63) the Reply Memorandum of the Defendant is DENIED.

ORDER - 1                                              1

## LETTER OF UNDERSTANDING NO. 55 CONTRACT CLAIM

Plaintiffs, who are employees of the Defendant and members of Local Union 77 of the IBEW, claim in their breach of contract claim that the Defendant has required them to work 15 minutes of unpaid "shift-turnover time" preliminary to the commencement of their regular shift. The Plaintiffs admit the existence of a Collective Bargaining Agreement (CBA) covering their employment. However, the Plaintiffs, in the breach of contract claim, allege that they are parties to a separate agreement, being Letter of Understanding No. 55 (LOU 55), that is not part of the CBA and that therefore the contract claim is not preempted by the LMRA which requires exhaustion of the remedies provided in the CBA. LOU 55 provides that the Defendant agrees to pay all employees double time for all time worked over 12 hours a day. The Plaintiffs' shifts are structured to include 12 hour shifts. While the Defendant admits the existence of LOU 55, it contends that LOU 55 is integrally related to the CBA and preempted by the CBA arbitration requirements.

In order to determine the parties' dispute over the applicability of LOU 55 and the CBA, the court must employ the "scope" test..See *IBU v. Dutra Group*, 279 F. 3d 1075, 1078-9 (9th Cir. 2002) citing *A T & T Technologies Inc. v. Comm. Workers of America*, 475 U.S. 643, 650 (1986). The CBA contains numerous references to LOU 55 and also to other Letters of Understanding. Rotating shifts are specifically addressed in Article 7.1.3.2 of the CBA which states that LOU 55 shall apply to employees on rotating shifts. LOU 55 itself specifically references paragraph 7.1.3.2 of the CBA for the definition of "workweek" for those workers on 12 hour rotating shifts. Therefore, a breach of LOU 55 is a direct breach of the CBA. That the parties have interpreted claimed LOU 55 breaches as being bound by the grievance and arbitration provisions of the CBA is borne out by the fact that since 1990, 14 grievances relating to LOU 55 were resolved by the District and the union in accordance with the CBA procedures.

In addition, Article 10.1 of the CBA entitled "Letters of Understanding" states:

**LETTERS OF UNDERSTANDING**. The Union and the District may mutually develop Letters of Understanding to resolve the various labor relation issues confronting the parties. **The Letters of Understanding will carry the same weight and value as this Agreement. . .(emphasis supplied).**

Paragraph 4.1.5 of the CBA further guides the determination of this issue. That section of the CBA states:

> The grievance and arbitration procedure provided for herein shall constitute the sole and exclusive remedy to be used by the parties hereto for such determination, decision, adjustment or settlement between the parties of any and all grievances as defined herein.

The Plaintiff's LOU 55 claims are preempted by § 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985) (holding that claim of employee injured while 'carrying a pig in a poke' to a friend's house for a pig roast was substantially dependent on an analysis of the CBA and therefore preempted by federal law). This conclusion of the court is not affected by the *Burnside* case, *supra,* for which the court requested supplemental briefing, in that *Burnside* was based upon non-negotiable California state laws as opposed to the negotiated Letter of Understanding 55 herein.

## THE WASHINGTON CLAIMS STATUTES

The Defendant herein further challenges the efficacy of the Plaintiffs' contract and Washington Wage Act claims by arguing that the Plaintiffs may not bring an action against the District on a breach of contract or state statutory claim without first filing a formal Notice of Claim pursuant to RCW 4.96.020. While it is not disputed that lead Plaintiff Frank Godfrey filed a formal claim with the Defendant on behalf of himself and other putative members of the class, the Defendant contends the Notice was insufficient in content and that one member of the proposed class cannot file a claim on behalf of other members thereof. In fact, at oral argument, counsel for the Defendant, without citation to any supporting authority other than a decision involving tax refund claims, and probably for record preservation purposes, argued that class actions against municipalities cannot be brought in the state of Washington courts.

In *El Coba Dormitories, Inc. v. Franklin county P.U.D*, 82 Wn. 2d 858 (1973), the

ORDER - 3                                3

Supreme Court of the state of Washington held that the claims statute then applicable to Public Utility Districts did not require the filing of a claim prior to the commencement of suits on causes of action other than tort actions. However, thereafter, the Washington legislature reenacted RCW 54.16.110 concerning actions against public utility districts. In part, that statute, as it applies to the matter *sub judice*, provides that "no suit for damages shall be maintained against a district except on a claim filed with the district complying in all respects with the terms and requirements for claims for damages set forth in chapter 4.96 RCW." Thus, whether claims arising out of contract or statutory matters must be filed is governed by RCW 4.96 *et sequitur*. RCW 4.96.020 states in part:

> All claims for damages arising out of **tortuous** conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damages, state the time and place the injury or damage occurred, state the names of all person involved , , ,etc.(emphasis supplied.

Clearly this section of the statute requiring specificity applies only to tort claims and would not apply to the contract and statutory claim set forth herein. This court concludes that the claim filed by lead Plaintiff Godfrey adequately advised the Defendant as to the basis of the claims of the Plaintiffs, if, in fact, claims for contract or statutory violations are required.

This court further concludes that even after the 1993 amendments to the Claims statute, that statute still did not require the filing of claims against municipalities including public utility districts on matters involving other than tort claims. This conclusion is supported by *Wilson v. City of Seattle,* 122 Wash. 2d 814 (1993), a post-amendment case, which, while dealing with the content of RCW 4.96.010 as opposed to RCW 54.16.110, held that the claims portion of the statute, RCW 4.96.020, only applied to tort claims. The Defendant relies on a lower appellate court case, *Harberg v. City of Kettle Falls*, 120 Wash. App. 498 (2004) holding that any claim, tort or otherwise, required the filing of an RCW 4.96 claim precedent to suit. However, the *Harberg* case is contrary to the Washington Supreme Court case of *Wilson v. Seattle, supra.* The

ORDER - 4                                            4

appellate court either overlooked or ignored the contrary and controlling ruling of the Washington Supreme Court in *Wilson* since it is not discussed in *Harberg.*

The foregoing discussion and determination of the adequacy of the claims filing by Mr. Godfrey on his own behalf and on behalf of others under RCW 54.16.110 and RCW 4.96.010 & .020 could be moot if class actions against municipalities are, as contended by the Defendant, not allowed in Washington courts.

The Defendant contends that the Plaintiffs cannot bring a class action against the Defendant in any event since, it claims, class actions against municipalities are not allowed in the state of Washington, citing, *Lacey Nursing Center v. Department of Revenue,* 129 Wash. 2d 40 (1995). However, this court finds the *Lacey Nursing Home* case to be completely inapposite. That case was an attempted class action for tax refunds under a specific Washington statute, RCW 82.32, *et seq*. The Washington Supreme Court, @ p. 50, found that "The trial court properly certified this case initially as a class action under CR 23, but unnamed and unidentified members of the class cannot satisfy the specified requirement of RCW 82.32.180." More apposite, and in fact clearly on point, is the case of *Oda v. State of Washington,* 111 Wash. App. 79 (2002), in which the Washington Appellate Court held that the filing of a claim under RCW 4.92.010, the companion statute to RCW 4.96.010, by an individual Plaintiff even without reference to other possible class members, allowed the subsequent filing of a class action by the filing lead Plaintiff and other non-filing members of the class.

For the foregoing reasons, IT IS HEREBY ORDERED that the Defendant's Motion To Dismiss the contract claim of the Plaintiffs must be and is GRANTED. All other aspects of the Motion To Dismiss are DENIED.

The Clerk of this court shall enter this Order and forward copies to counsel.

**DATED** this 10th day of August 2007.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE