THE HONORABLE JUSTIN L. QUACKENBUSH

Beth E. Terrell, WSBA #26759
bterrell@tmdlegal.com
Toby J. Marshall, WSBA #32726
tmarshall@tmdlegal.com
TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
Telephone:  (206) 816-6603

*Attorney for Plaintiffs*

[Additional Attorneys on Signature Page]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANK GODFREY, on his own behalf and on behalf of all others similarly situated, ED TIPPEN, on his own behalf and on behalf of all others similarly situated, RON EMTER, on his own behalf and on behalf of all others similarly situated, BRYAN WILLIAMS, on his own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHELAN COUNTY PUBLIC UTILITY DISTRICT, <br><br> Defendant. | CLASS ACTION <br><br> NO. 2:06-CV-00332-JLQ <br><br> **PLAINTIFFS' MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AGREEMENT** |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT
AGREEMENT - 1
CASE NO. 2:06-CV-00332-JLQ

# I. INTRODUCTION

Plaintiffs respectfully submit this memorandum in support of final approval of the settlement agreement reached between Plaintiffs and Defendant Chelan County PUD.  For the reasons set forth in this memorandum and in the papers previously submitted in support of approval, the settlement agreement is fair and reasonable and serves the best interests of the Class.  Accordingly, Plaintiffs respectfully request that the Court enter the Proposed Order of Final Settlement Approval and of Dismissal with Prejudice submitted herewith.

# II. AUTHORITY AND ARGUMENT

**A.    The Settlement Was the Result of Arm's-Length Negotiations**

On March 13, 2008, the parties engaged in a day-long mediation with mediator Gary Bloom, in Spokane, Washington.  Declaration of Toby J. Marshall: (1) Regarding Due Diligence and Proof of Mailing of Class Notice, and (2) in Support of Final Approval of Settlement Agreement ("Marshall Decl.") ¶ 2. During the mediation, which was attended by named Plaintiffs and Class Representatives Frank Godfrey and Bryan Williams, the parties argued their positions and cited supporting evidence.  *Id*.  Ultimately, the parties agreed to resolve the claims of the Class for a lump sum cash payment of $155,000.  *Id*. The PUD also agreed to make a lump sum cash payment to Class Counsel of $205,000 for their attorneys' fees and costs.  *Id*.  Both of these amounts were approved by the Class Representatives.  *Id*.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT
AGREEMENT - 2
CASE NO. 2:06-CV-00332-JLQ

As the Court found in its Preliminary Order Re: Settlement, Directing Issuance of Class Notice, and Scheduling Fairness Hearing ("Preliminary Approval Order") (Doc. 191), the settlement agreement resulted from "arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular." Preliminary Approval Order ¶ 1.

**B.    The Settlement Will Be Divided Proportionately Among the Class Members in a Fair and Reasonable Manner**

If the settlement agreement is approved by the Court, the $155,000 payment to the Class will be divided proportionately among members pursuant to the factors and calculations set forth in Paragraphs 3 through 10 of the Supplemental Declaration of Toby J. Marshall in Support of Preliminary Approval (Doc. 182). In essence, the settlement payment is fairly allocated based on shift turnovers worked and average rate of pay. *See* Marshall Decl. ¶ 3. A spreadsheet listing the individual awards by Class member is attached as Exhibit 3 to the declaration submitted in support of this memorandum. *See* Ex. 3 to Marshall Decl.

The settlement awards that individual Class members will receive range from a low of $34.75 to a high of $4,829.94. *See* Ex. 3 to Marshall Decl. The average recovery is $2,183.10. *See* Marshall Decl. ¶ 3. The method used to calculate individual settlement awards was discussed with and agreed to by the Class representatives during mediation. *See id.* ¶ 4. In addition, Class Counsel understands that information regarding this method was widely circulated among

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT
AGREEMENT - 3
CASE NO. 2:06-CV-00332-JLQ

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1    Class members.  *Id*.  To date, counsel has not heard any objections, negative

2    feedback, or suggestions of alternative approaches.  *Id*.

3    **C.    The Settlement Payment to the Class Exceeds or Is a Substantial**

4    **Percentage of the Recovery Available under the Law**

5    Class Counsel has calculated the maximum potential recovery for the

6    statutory wage claims brought against the PUD.  *See* Ex. 1 to Marshall Decl.

7    Based on those calculations, Class Counsel has determined that the settlement

8    payment the Class will receive exceeds the total recovery available to the Class

9    under the Washington Minimum Wage Act, the Washington Wage Payment Act,

10   and the Fair Labor Standards Act.  *See* Ex. 1 to Marshall Decl.; *see also*

11   Plaintiffs' Supplemental Memorandum in Support of Preliminary Approval (Doc.

12   185) at 9:4 − 15:18 (explaining claims and calculations).  With respect to the

13   Wage Rebate Act − the most difficult of the Class claims to prove because it

14   requires a showing of willfulness on the part of the PUD − the settlement

15   payment ranges from 31 to 71 percent of the potential recovery, depending on

16   whether the underlying wage rates are contractually or statutorily based.  *See id*.

17   Thus, the settlement payment to the Class is substantial in light of the relief

18   available under the law.

19   **D.    The Settlement Payment Is Fair and Reasonable Considering the**

20   **Relative Merits of the Alleged Claims and Defenses**

21   Entering into mediation Plaintiffs were confident in the strength of their

22   case but also pragmatic in their awareness of the risks inherent to litigation and

23   the various defenses available to the PUD.  The reality that Class members could

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT
AGREEMENT - 4
CASE NO. 2:06-CV-00332-JLQ

1   recover only a fraction of their claimed damages or even lose at trial was

2   significant enough to convince Plaintiffs and Class Counsel that the benefits of

3   the settlement reached with the PUD outweighed the gamble of continued

4   litigation.

5          Among its defenses, for example, the PUD has argued that Class members

6   "rarely" worked 15 minutes on a shift turnover.  If the PUD were able to convince

7   a jury that the average time spent on a shift turnover was actually 10 minutes,

8   rather than 15, the PUD would effectively reduce the damages recoverable on any

9   claim by one-third.  Similarly, if the PUD were to prevail on its argument that

10  Class members are "fluctuating workweek" employees, the potential damages for

11  overtime would be reduced by two-thirds under both state and federal law.

12         Another risk Plaintiffs would face going forward is the loss of the class or

13  collective action status of the case.  The PUD has steadfastly argued that

14  differences in job duties among the Class members necessarily mean that

15  individual issues predominate.  If the PUD were able to present convincing facts

16  to support these allegations, the Court could find it necessary to decertify the

17  Class, leaving only the four named Plaintiffs to pursue their claims.

18         Finally, the risk of losing is inherent in any jury trial.  Even if Plaintiffs did

19  prevail, any recovery could be delayed for years by an appeal.  The settlement

20  obtained provides substantial monetary relief to Class members without further

21  delay.[1]

22  _____

23  [1] A more complete discussion of these and other risks can be found at pages 15
    through 22 of Plaintiffs' Supplemental Memorandum of Points and Authorities in

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT
AGREEMENT -  5
CASE NO. 2:06-CV-00332-JLQ

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1  **E.    The Work Done by Class Counsel Was Reasonable and**
       **Necessary, and the Payment of Fees and Costs Is Fair**
2

3        Class counsel diligently prosecuted this case from beginning to end while

4  making every reasonable attempt to minimize fees and costs.  The PUD zealously

5  defended against the claims of the Class, however, necessitating a substantial

6  amount of work.  As detailed in Plaintiffs' Supplemental Memorandum in

7  Support of Preliminary Approval (Doc. 185) and the contemporaneous time

8  records attached to the Second Supplemental Declaration of Toby J. Marshall in

9  Support of Preliminary Approval (Doc. 194), Class counsel spent significant

10 amounts of time investigating the claims of the Class, performing discovery,

11 conducting legal research, briefing motions, preparing for trial, and engaging in

12 settlement negotiations.  Class Counsel also spent a significant amount of time

13 calculating the individual awards of Class members and submitting materials in

14 support of approval of the settlement agreement.

15       To date, the attorneys' fees and litigation expenses incurred by Class

16 Counsel amount to more than $316,000.  *See* Marshall Decl. ¶ 12.  The payment

17 of $205,000 provided for in the settlement agreement is less than 65 percent of

18 this total.  *Id*.  All in all, Class counsel worked hard to bring this case to a

19 successful resolution in the face of a staunch defense, and the payment called for

20 under the settlement agreement is fair and reasonable.

21

22
Support of Unopposed Motion for Preliminary Approval of Settlement
23 Agreement (Doc. 185).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT
AGREEMENT -  6
CASE NO. 2:06-CV-00332-JLQ

**F.    The Class Members Do Not Object to the Settlement Agreement**

On June 6, 2008, Class Counsel distributed notice of the settlement by first-class mail to every Class member.  *See* Marshall Decl. ¶ 7.  Included with the notice was a spreadsheet listing the estimated individual settlement awards for all Class members.  *Id.*

Pursuant to the Court's Preliminary Approval Order, Class members had 30 days after the initial mailing of the settlement notice to file with the Court and serve on Class Counsel and counsel for Defendant any written objections to the settlement agreement.  *See* Preliminary Approval Order (Doc. 191) at ¶ 7.  The Court's order provided that any Class member who does not timely submit an objection in the manner provided by the Court is deemed to have waived such objection and is foreclosed from making any objection to the fairness or adequacy of the proposed settlement agreement, unless otherwise ordered by the Court.  *See id.*

The deadline for the filing objections to the settlement agreement was July 7, 2008.  *See* Marshall Decl. ¶ 11.  As of today's date, Class Counsel has not received any objections to the settlement agreement, written or otherwise.  *See id.*

### III.  CONCLUSION

The settlement that the Class reached with the PUD is reasonable and fair.  Indeed, the payment of $155,000 to members is outstanding in light of the recoveries potentially available under the law and the risks of continued litigation.  As for attorneys' fees and costs, the payment of $205,000 to Class counsel is appropriate given the substantial work counsel performed and the successful

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT
AGREEMENT -  7
CASE NO. 2:06-CV-00332-JLQ

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

resolution achieved on behalf of the Class.  For these reasons, Plaintiffs respectfully request that the Court enter the Proposed Order of Final Settlement Approval and of Dismissal with Prejudice submitted herewith.

At the Final Approval Hearing set to be held at 1:30 p.m. on Thursday, July 17, 2008, Class Counsel will address any remaining questions the Court may have.

DATED this 10th day of July, 2008.

TERRELL MARSHALL & DAUDT PLLC


By:____/s/ Toby J. Marshall, WSBA #32726____
Beth E. Terrell, WSBA #26759
bterrell@tmdlegal.com
Toby J. Marshall, WSBA #32726
tmarshall@tmdlegal.com
3600 Fremont Avenue North
Seattle, Washington  98103
Telephone:  (206) 816-6603

Robert J. Crotty, WSBA # 9113
rcrotty@lukins.com
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Center
717 West Sprague Avenue
Spokane, Washington  99201-0466
Telephone:  (509) 455-9555

Darrell W. Scott, WSBA #20241
darrellscott@mac.com
Matthew J. Zuchetto, WSBA #33404
matthewzuchetto@mac.com
THE SCOTT LAW GROUP, P.S.
926 W. Sprague Avenue, Suite 680
Spokane, Washington  99201

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT
AGREEMENT - 8
CASE NO. 2:06-CV-00332-JLQ

1                      Telephone:  (509) 455-3966

2                      Kim D. Stephens, WSBA #11984
                      kstephens@tousley.com

3                      TOUSLEY BRAIN STEPHENS PLLC
                      1700 Seventh Avenue, Suite 2200

4                      Seattle, Washington  98101

5                      Telephone:  (206) 682-5600

6                      *Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT
AGREEMENT -  9
CASE NO. 2:06-CV-00332-JLQ

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Leslie R. Weatherhead
lwlibertas@aol.com
Geana M. Van Dessel
gmv@wkdtlaw.com
WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
422 W. Riverside Avenue, Suite 1100
Spokane, Washington  99201-0300
Telephone: (509) 624-5265

*Attorneys for Defendant*

DATED at Seattle, Washington, this 10th day of July, 2008.

　　　　　　　　　　　　　　 /s/ Toby J. Marshall
Toby J. Marshall, WSBA #32726
tmarshall@tmdlegal.com
Attorney for Plaintiffs
Terrell Marshall & Daudt PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
Tel:   206.816.6603
Fax:   206.350.3528

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT
AGREEMENT -  10
CASE NO. 2:06-CV-00332-JLQ

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528