UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANK GODFREY, on his own behalf and on behalf of all others similarly situated, ED TIPPEN, on his own behalf and on behalf of all others similarly situated, BRYAN WILLIAMS, on his own behalf and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br> vs.<br><br>CHELAN COUNTY PUBLIC UTILITY DISTRICT,<br><br>  Defendant. | NO. CV-06-332-JLQ<br><br>**ORDER APPROVING SETTLEMENT AND DISMISSAL WITH PREJUDICE** |

 On June 2, 2008, this court entered its Preliminary Order Re: Settlement, Directing Issuance of Class Notice, and Scheduling Fairness Hearing (C.R.. 191).

Individual notice complying with Fed. R. Civ. P. 23 was sent to the last-known address of each reasonably identifiable member of the Settlement Class, and follow-up procedures outlined in the settlement and approved by the Preliminary Order have been completed.

A hearing on final approval of the settlement was held before the Court on July 17, 2008. Matthew J. Zuchetto and Toby J. Marshall appeared for the Plaintiffs. The Defendant was represented by Leslie R. Weatherhead and Geanna Van Dessel. No objections to the settlement were made or filed by any member of the Settlement Class.

ORDER - 1

Having heard from counsel and being fully advised in the premises, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Stipulation of Settlement (C.R. 164) (the "Settlement Agreement") previously filed with this court.

2. The court finds that notice to the Settlement Class has been completed in conformity with the Preliminary Order. The court finds that this notice was the best notice practicable under the circumstances and that it provided due and adequate notice of the proceedings and of the matters set forth therein.

3. The court finds it has personal and subject matter jurisdiction over all claims asserted in the First Amended Complaint with respect to all members of the Settlement Class.

4. The settlement of this class and collective action on the terms set forth in the Settlement Agreement, including the provision for attorney fees, is approved as being fair, adequate and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in further litigating the claims. The Settlement Class is properly certified as a class as part of this settlement. The relief with respect to the Settlement Class is appropriate as to the individual members of the Settlement Class and as a whole.

5. The settlement shall be binding on all members of the Settlement Class. The Settlement Class is defined as: All current and former employees of the Chelan County Public Utility District working 12-hour rotating shifts who worked unpaid shift-turnover time from July 18, 2003 through the date judgment is entered in this action and who did not submit a written request for exclusion from the Class prior to the Settlement Agreement being reached.

6. All members of the Settlement Class are bound by the terms of the Settlement Agreement. As of the Effective Date, all members of the Settlement Class shall conclusively be deemed to have released all settled claims as described in the

Settlement Agreement, which provides:

> **Settled Class Claims** means collectively any and all claims, demands, rights, liabilities, suits, matters, obligations, damages, losses, costs, actions and causes of action of every nature and description whatsoever, in law or equity, known or unknown, latent or patent, asserted, unasserted or that might have been asserted (including, without limitation, assigned claims and common law claims for breach of contract, unjust enrichment, violations of any state or federal statutes, rules or regulations) either directly, in a representative capacity or in any other capacity, by the Releasing Parties against the Released Parties, arising from or in any way relating to Defendant's alleged failure to pay employees for time worked on Shift Turnovers, including whether Plaintiffs were paid appropriately for all hours worked in accordance with the provisions of the FLSA, including 29 CFR 778.323-325. Settled Class Claims includes without limitation the claims asserted in the complaints on file in the Action, and all claims alleged or asserted, or which could have been alleged or asserted in the Action, against the Released Parties which relate in any way to the alleged acts, omissions, representations, facts, events, matters, transactions or occurrences at issue in the Action.

7.   As of the Effective Date, all members of the Settlement Class are hereby forever barred and enjoined from commencing, prosecuting or continuing to prosecute, either directly or indirectly, in this or any other jurisdiction or forum, any of the claims that are released by this settlement or barred by the entry of the judgment in this action.

8.   Neither this Order nor any aspect of this settlement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. In particular, and without limiting the generality of the foregoing, nothing in this Order or in this settlement shall be offered or construed as an admission of, or evidence of, liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or its employees and agents. In addition, and also without limiting the generality of the foregoing, nothing about this Order or the settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in the Litigation or any other action for adversarial, rather than settlement, purposes.

9.   Plaintiffs' motion for approval of the Settlement Agreement (Ct. Rec. 167) is **GRANTED**. All other pending motions shall be terminated pursuant to the dismissal of the action. The Clerk shall enter final **JUDGMENT** dismissing the First Amended Complaint and the claims therein with prejudice and without further costs or attorney fees to any party. The claims that are thereby dismissed shall include all claims encompassed by the release set out in the Settlement Agreement.

ORDER - 3

10.     The dismissal of this case is without prejudice to the rights of the parties to enforce the terms of the Settlement Agreement and the rights of Class Counsel to payment of attorney fees and costs from the settlement fund as provided in the Settlement Agreement.  Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the court retains jurisdiction over this matter solely for purposes of resolving any disputes which may arise under the Settlement Agreement.

The Clerk is hereby directed to enter this Order, enter judgement of dismissal with prejudice, furnish copies to counsel, and close this file.

**DATED** this 18th day of July, 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
